J. S17043/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| W.A.-T., | : | No. 1514 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 26, 2019,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0000528-2018

BEFORE: PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 12, 2020**

W.A.-T. appeals the August 26, 2019 judgment of sentence, entered in the Court of Common Pleas of York County, after a jury convicted him of aggravated indecent assault, indecent assault, and corruption of minors.[1] The trial court sentenced appellant to an aggregate term of incarceration of three to six years, followed by five years' probation. We affirm.

As gleaned from the record, the relevant facts are as follows: At the time of the sexual assaults, the victim, age ten, was living with her mother, appellant (victim's stepfather), and her younger brothers. (Notes of testimony, 5/14/19 at 124, 158.) The victim testified to several incidents

---

[1] 18 Pa.C.S.A. §§ 3125(a)(7), 3126(a)(7), and 6301(a)(1)(ii), respectively. Appellant was found not guilty of rape and two counts of involuntary deviate sexual intercourse, person less than 13 years of age, 18 Pa.C.S.A. §§ 3121(c) and 3123(b), respectively.

where she was inappropriately touched by appellant when her mother was away from the home. (*Id.* at 125-134.) The victim did not immediately tell anyone because she thought she would not be believed and she was afraid her brothers would be taken away. (*Id.* at 134, 135.) On July 3, 2017, two days after the most recent incident, the victim told her stepmother. (*Id.* at 158, 159.) On the same date, the victim's stepmother and her father took her to York Hospital. (*Id.* at 166.)

On July 19, 2017, the victim's stepmother and father took her to the Children's Advocacy Center for a follow-up examination and interview. (*Id.* at 169, 196.) There, the victim's father made a statement to the sexual assault forensic examination ("SAFE") nurse that "[the victim's] lying is out of hand, like talking to a wall." (*Id.* at 196.)

Appellant sought to introduce father's statement to the SAFE nurse as an exception to the hearsay rule, statement made for medical diagnosis or treatment, pursuant to Pa.R.E. 803(4)(B). (Notes of testimony, 5/14/19 at 195-202.) The trial court ruled that the exception did not apply. (*Id.* at 202.)

Following his conviction and imposition of sentence, appellant did not file post-sentence motions. Rather, appellant timely appealed. On September 17, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Pa.R.A.P. 1925(a) opinion.

The sole issue raised by appellant is as follows:

> Whether the [] trial court erred in not permitting [appellant's] counsel to admit into evidence statements made by the alleged victim's father to the SAFE nurse that the alleged victim's lying was " out of hand[,"] said statements being made in gathering information for purpose(s) of the medical examination pursuant to Rule 803(4) of the Pennsylvania Rules of Evidence[?]

Appellant's brief at 4 (full capitalization and bolding omitted).

In reviewing evidentiary rulings:

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

***Commonwealth v. Cosby***, 224 A.3d 372, 397 (Pa.Super. 2019) (citation omitted).

The Pennsylvania Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "Hearsay is not admissible except as provided by [the Pennsylvania Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. In order for a hearsay statement to be admissible, the statement must fall within an exception to the hearsay rule. ***See*** Pa.R.E. 803-805.

One of the exceptions to the hearsay rule is the medical diagnosis or treatment exception. Pa.R.E. 803(4). A statement is not excluded by the hearsay rule if it:

> (A) is made for--and is reasonably pertinent to-- medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Pa.R.E. 803(4).

"[T]here are essentially two requirements for a statement to come within this exception. First, the declarant must make the statement for the purpose of receiving medical treatment, and second, the statement must be necessary and proper for diagnosis and treatment." *Commonwealth v. D.J.A.*, 800 A.2d 965, 976 (Pa.Super. 2002), *appeal denied*, 857 A.2d 677 (Pa. 2004) (citation omitted).

Here, appellant baldly asserts that even though the victim's father was not receiving medical treatment, his statement to the SAFE nurse is admissible because "the patient's veracity or lack thereof would be relevant for medical personnel to arrive at a proper diagnosis and treatment." (Appellant's brief at 13.) Appellant fails to support this claim with legal authority. Pa.R.A.P. 2119(a) (requiring citation to authorities to support argument). "When an appellant cites no authority supporting an argument, this Court is

inclined to believe there is none." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa.Super. 2015), ***appeal denied***, 123 A.3d 331 (Pa. 2015).  Appellant waives this claim on appeal.  ***See Commonwealth v. Knox***, 50 A.3d 732, 748 (Pa.Super. 2012), ***appeal denied***, 69 A.3d 601 (Pa. 2013) (reiterating failure to cite to relevant legal authority to support argument results in waiver).

Notwithstanding waiver, we note that the statement was not made by the victim when she was a patient, but by her father.  It was not reasonably pertinent to, nor does it describe, the victim's "medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment."  Pa.R.E. 803(4)(B).  As a result, the exception to hearsay set forth in Pa.R.E. 803(4) was inapplicable. Moreover, the credibility of the victim was within the sole province of the jury. ***See Commonwealth v. Cramer***, 195 A.3d 594, 600-601 (Pa.Super. 2018).

The trial court did not abuse its discretion and, therefore, properly excluded the statement made by the victim's father to the SAFE nurse.

Judgment of sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2020